FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

IN RE DENNIS BERKOVICH; MARINA VOLOSHIN,

*Debtors*,

DENNIS BERKOVICH,

*Appellant*,

v.

CALIFORNIA FRANCHISE TAX BOARD,

*Appellee.*

No. 20-60046

BAP No. 20-1025

OPINION

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Faris, Lafferty III, and Spraker, Bankruptcy Judges,
Presiding

Argued and Submitted October 4, 2021
Pasadena, California

Filed October 14, 2021

Before:  Susan P. Graber and John B. Owens, Circuit
Judges, and Charles R. Breyer,[*] District Judge.

Opinion by Judge Breyer

---

**SUMMARY**[**]

**Bankruptcy**

The panel affirmed and adopted as its own, with one
exception, the Bankruptcy Appellate Panel's opinion
affirming a grant of summary judgment to the California
Franchise Tax Board and holding that Dennis Berkovich's
tax debt was not discharged in bankruptcy because the debt
derived from a "report or notice" "equivalent" to a tax return
that he had failed to submit as required by California law.

In the BAP's opinion, adopted by the panel and attached
as an appendix to the panel's opinion, the BAP held that
11 U.S.C. § 523(a)(1)(B) provides that, if a taxpayer fails to
file a required "return, or equivalent report or notice," the
relevant tax debt is not discharged.  Cal. Rev. & Tax Code
§ 18622(a) requires a taxpayer to make a "report" to the
California Franchise Tax Board if the Internal Revenue
Service changes the taxpayer's federal income tax liability.
Berkovich, a chapter 13 debtor, filed his state tax returns but
failed to inform the Franchise Tax Board of increased federal

---

[*] The Honorable Charles R. Breyer, United States District Judge for
the Northern District of California, sitting by designation.

[**] This summary constitutes no part of the opinion of the court.  It
has been prepared by court staff for the convenience of the reader.

tax assessments. The BAP held that the report required under § 18622(a) is an "equivalent report" within the meaning of § 523(a)(1)(B). Accordingly, under § 523(a)(1)(B), Berkovich's tax debt was not discharged.

The panel declined to adopt footnote 6 of the BAP's opinion, concerning a case not before the panel, and expressed no view on the substance of the footnote.

---

## COUNSEL

Andrew E. Smyth (argued), SW Smyth LLP, Los Angeles, California; Robert L. Goldstein, San Francisco, California; for Appellant.

Donny P. Le (argued), Deputy Attorney General; Lisa W. Chao, Supervising Deputy Attorney General; Tamar Pachter, Senior Assistant Attorney General; Office of the Attorney General, Los Angeles, California; for Appellee.

---

## OPINION

BREYER, District Judge:

Dennis Berkovich appeals the Ninth Circuit Bankruptcy Appellate Panel's ("BAP") published decision affirming a grant of summary judgment to the California Franchise Tax Board. The BAP held that Berkovich's tax debt had not been discharged in bankruptcy because it derived from a "report or notice" "equivalent" to a tax return that he had failed to submit as required by California law. 11 U.S.C. § 523(a)(1)(B); *see also* Cal. Rev. & Tax. Code § 18622(a).

We affirm and adopt as our own, with one exception, the well-reasoned BAP opinion, *In re Berkovich*, 619 B.R. 397 (B.A.P. 9th Cir. 2020), which we attach as an appendix. We decline to adopt footnote 6 of the BAP's opinion, as that passage concerns a case not before us; we express no view on the substance of the footnote. In adopting the BAP's opinion, we note that our prior decision *In re Jackson*, 184 F.3d 1046, 1051 (9th Cir. 1999), has been superseded by the 2005 amendments to 11 U.S.C. § 523(a). Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8 § 714, 119 Stat. 23, 128–29; *cf. Miller v. Gammie*, 335 F.3d 889, 893 (9th Cir. 2003) (en banc).

**AFFIRMED.**

**APPENDIX**

Case: 20-1025, Document: 19, Filed: 10/05/2020　　Page 1 of 16

FILED

OCT 5 2020

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

## ORDERED PUBLISHED

## UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re:<br>DENNIS BERKOVICH and MARINA VOLOSHIN,<br>　　　　　　Debtors. | BAP No. CC-20-1025-FLS<br><br>Bk. No. 1:12-bk-17302-MB<br><br>Adv. No. 1:19-ap-01007-MB |
| DENNIS BERKOVICH,<br>　　　　　Appellant,<br>v.<br>CALIFORNIA FRANCHISE TAX BOARD,<br>　　　　　Appellee. | **OPINION** |

Appeal from the United States Bankruptcy Court
for the Central District of California
Maureen A. Tighe, Bankruptcy Judge, Presiding

APPEARANCES:
Andrew E. Smyth argued for appellant; Donny P. Le argued for appellee.

Before: FARIS, LAFFERTY, and SPRAKER, Bankruptcy Judges.

FARIS, Bankruptcy Judge:

## INTRODUCTION

In this appeal (and another appeal which we are deciding concurrently), we consider the interplay between the Bankruptcy Code and a state statute relating to tax returns. A California statute (Revenue and

Case: 20-1025, Document: 19, Filed: 10/05/2020      Page 2 of 16

Taxation Code ("RTC") section 18622(a)) requires a taxpayer to make a "report" to the California Franchise Tax Board ("FTB") if the Internal Revenue Service ("IRS") changes the taxpayer's federal income tax liability. Section 523(a)(1)(B)[1] of the Bankruptcy Code provides that, if a taxpayer fails to file a required "return, or equivalent report or notice," the relevant tax debt is not discharged.

Chapter 13 debtor Dennis Berkovich filed his state tax returns but failed to inform the FTB of increased federal tax assessments. The FTB argued that the taxes were nondischargeable under § 523(a)(1)(B) because Mr. Berkovich had failed to file the required "reports" of the increased tax assessments with the FTB. The bankruptcy court granted the FTB summary judgment and denied discharge of the tax debts.

We hold that the report required under RTC section 18622(a) is an "equivalent report" within the meaning of § 523(a)(1)(B). Therefore, we AFFIRM. We publish this decision because the interplay between § 523(a)(1)(B), RTC section 18622(a), and other applicable California statutes presents questions of first impression at the appellate level in this circuit.

---

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, all "Rule" references are to the Federal Rules of Bankruptcy Procedure, and all "Civil Rule" references are to the Federal Rules of Civil Procedure.

### FACTUAL BACKGROUND[2]

Mr. Berkovich filed California state tax returns as required for the 2003, 2004, and 2005 tax years.

In 2008, the IRS assessed about $145,000 of additional federal income taxes against Mr. Berkovich for those years. He did not notify the FTB of the increased federal assessments as required under state law.

The FTB learned of the federal assessments from the IRS. It assessed Mr. Berkovich additional state income taxes totaling approximately $45,000 plus penalties and interest for the relevant tax years. Mr. Berkovich did not challenge the assessments and did not pay the additional state taxes.

In August 2012, Mr. Berkovich and his wife, Marina Voloshin, filed a chapter 13 petition. They scheduled approximately $773,000 in secured and unsecured debt, including $100,000 in tax debt due to the FTB.

The debtors filed a proposed chapter 13 plan that treated the state tax debt as a general unsecured claim to be paid pro rata with other unsecured claims. They proposed paying 0.9% of the allowed nonpriority unsecured claims.

The bankruptcy court confirmed the plan. Over the next five years, the debtors completed all required plan payments, less than $1,000 of which was distributed to the FTB. They received a discharge under

---

[2] The facts are undisputed. We rely on the parties' stipulated facts and the bankruptcy court's recitation of facts in its memorandum decision.

3

§ 1328(a).

The following year, the FTB filed a nondischargeability complaint against Mr. Berkovich. It alleged that the state tax debts were nondischargeable under § 523(a)(1)(B)(i) because Mr. Berkovich failed to report the increased federal tax assessments to the FTB and failed to challenge the FTB's notices of proposed tax assessment.

The bankruptcy court granted summary judgment in favor of the FTB, holding that the report required by RTC section 18622(a) is an "equivalent report" under § 523(a)(1)(B)(i), such that the increased state taxes are not dischargeable. Mr. Berkovich timely appealed.

## JURISDICTION

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(I). We have jurisdiction under 28 U.S.C. § 158.

## ISSUE

Whether the bankruptcy court erred in granting the FTB summary judgment to except from discharge Mr. Berkovich's state tax debts.

## STANDARD OF REVIEW

We review de novo the bankruptcy court's decision to grant or deny summary judgment. *Boyajian v. New Falls Corp. (In re Boyajian)*, 564 F.3d 1088, 1090 (9th Cir. 2009). "De novo review requires that we consider a matter anew, as if no decision had been made previously." *Francis v. Wallace (In re Francis)*, 505 B.R. 914, 917 (9th Cir. BAP 2014) (citations

4

Case: 20-1025,  Document: 19,  Filed: 10/05/2020      Page 5 of 16

omitted).

We employ the same summary judgment standards as the bankruptcy court. Summary judgment should be granted "if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." *Wank v. Gordon (In re Wank)*, 505 B.R. 878, 886 (9th Cir. BAP 2014) (citing Civil Rule 56(a), made applicable in adversary proceedings by Rule 7056). Pure questions of law are appropriate for summary judgment. *See Schrader v. Idaho Dep't of Health & Welfare*, 768 F.2d 1107, 1110 (9th Cir. 1985).

## DISCUSSION

### A.  Mr. Berkovich's failure to report changes to his federal taxes to the FTB under RTC section 18622(a) rendered his state tax debts nondischargeable.

Mr. Berkovich primarily argues on appeal that the reports required under RTC section 18622(a) are not "returns," so his failure to file them did not render his tax debts nondischargeable. He is wrong.

#### 1.  Section 523(a)(1)(B) precludes the discharge of a tax debt if the debtor fails to file a required return or an equivalent report or notice.

We begin with the statutory language. "The preeminent canon of statutory interpretation requires us to presume that [the] legislature says in a statute what it means and means in a statute what it says there. Thus, our inquiry begins with the statutory text, and ends there as well if the text is

unambiguous." *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 951 (9th Cir. 2009) (citation omitted).

Mr. Berkovich received his discharge under § 1328(a) upon completion of the plan payments. A discharge under § 1328(a) explicitly excludes the discharge of any debt "of the kind specified in . . . paragraph (1)(B) . . . of section 523(a)[.]" § 1328(a). Section 523(a)(1)(B) pertains, in relevant part, to a debt:

> (1) for a tax or a customs duty –
>
>> . . . .
>>
>> (B) with respect to which a return, or equivalent report or notice, if required –
>>
>>> (i) was not filed or given; or
>>>
>>> (ii) was filed or given after the date on which such return, report, or notice was last due, under applicable law or under any extension, and after two years before the date of the filing of the petition[.]

§ 523(a)(1)(B). Section 523(a) also provides, in the "hanging paragraph" at the end of the subsection:

> For purposes of this subsection, the term "return" means a return that satisfies the requirements of applicable nonbankruptcy law (including applicable filing requirements). Such term includes a return prepared pursuant to section 6020(a) of the Internal Revenue Code of 1986, or similar State or local law, or a written stipulation to a judgment or a final order entered by a nonbankruptcy tribunal, but does not include a return made pursuant to section 6020(b) of the Internal

6

10

Revenue Code of 1986, or a similar State or local law.

§ 523(a). In other words, a tax debt is nondischargeable if the debtor failed

to file a required return or "equivalent report or notice[,]" where "return"

is defined by "applicable nonbankruptcy law."

> **2.    RTC section 18622(a) requires taxpayers to report to the FTB any changes to their federal income tax.**

The only question on appeal is whether the report required by RTC

section 18622(a) that Mr. Berkovich failed to file is a "a return, or

equivalent report or notice" within the meaning of § 523(a)(1)(B). RTC

section 18622(a) provides:

> (a) **If any item required to be shown on a federal tax return, including any gross income**, deduction, penalty, credit, or tax for any year of any taxpayer **is changed or corrected by the Commissioner of Internal Revenue** or other officer of the United States or other competent authority, or where a renegotiation of a contract or subcontract with the United States results in a change in gross income or deductions, **that taxpayer shall report each change or correction, or the results of the renegotiation, within six months after the date of each final federal determination of the change or correction** or renegotiation, or as required by the Franchise Tax Board, **and shall concede the accuracy of the determination or state wherein it is erroneous**.

Cal. Rev. & Tax. Code § 18622(a) (emphases added). The FTB prescribes the

manner in which the taxpayer must report the changes or corrections:

> (c) **Notification of a change or correction** by the Commissioner of Internal Revenue or other officer of the United States or other

7

11

competent authority, or renegotiation of a contract or subcontract with the United States that results in a change in any item or the filing of an amended return **must be sufficiently detailed to allow computation of the resulting California tax change and shall be reported in the form and manner as prescribed by the Franchise Tax Board.**

Cal. Rev. & Tax. Code § 18622(c) (emphases added). The regulation effectuating this requirement mandates that the taxpayer make the report:

(a) Section 18622, of the Revenue and Taxation Code, **requires that a taxpayer report certain specified federal changes**.

Such notification shall be made by mailing to the Franchise Tax Board, Audit Section, P.O. Box 1673, Sacramento, CA 95812-1673, Attn: RAR/VOL, the original or a copy of the final determination or renegotiation agreement as well as any other data upon which such final determination or renegotiation agreement is claimed. If requested to do so the Franchise Tax Board will make a copy of any final determination or renegotiation agreement furnished to it, and return the taxpayer's copy to him. **The notification must be given by the taxpayer** regardless of whether he believes any modification of his tax liability will be required.

Cal. Code Regs. tit. 18, § 19059 (emphases added).

Thus, the plain language of § 523(a)(1)(B) precludes a discharge of the debtor's tax debt if he fails to file a "return, or equivalent report or notice, if required" by state law. The plain language of the applicable state statute requires that a taxpayer "report" to the FTB if the taxpayer receives notice of changes or corrections to his federal income tax. In this case,

8

12

Mr. Berkovich did not file the "report" that state law required.

### 3.      RTC section 18622(a) reports are "equivalent reports" under § 523(a)(1)(B).

We next consider whether the "report" required by RTC section 18622(a) is "equivalent" to a "return" within the meaning of § 523(a)(1)(B). We conclude that it is.

The Fourth Circuit's decision in *Maryland v. Ciotti (In re Ciotti)*, 638 F.3d 276 (4th Cir. 2011), is directly on point. In that case, the debtor filed for chapter 7 bankruptcy protection and obtained a discharge. Subsequently, the IRS informed her that it had significantly increased her federal taxable income for certain pre-bankruptcy tax years. A Maryland statute, which is similar to RTC section 18622(a), required the debtor to report such changes to the Maryland tax authorities. 638 F.3d at 278.[3] The debtor did not notify

---

[3] The relevant state statute provides:

In general

(a) If the Internal Revenue Service issues a final determination that increases federal taxable income, federal estate, or federal generation-skipping transfer tax reported on a federal return, the tax collector shall assess the financial institution franchise tax, public service company franchise tax, income tax, Maryland estate tax, or Maryland generation-skipping transfer tax on the increase in the taxable net earnings, gross receipts, Maryland taxable income, federal credit for State death tax, or federal credit for State generation-skipping transfer tax that results from the federal adjustment.

Report required

(continued...)

9

13

the state of the IRS adjustment, but the IRS forwarded its determination to the state tax authority, which made adjustments to the debtor's state returns that resulted in an additional $500,000 in taxes, penalties, and interest. The debtor sought a determination that the tax debt had been discharged. The state argued that the debt was excepted from discharge under § 523(a)(1)(B). *Id.*

The Fourth Circuit held that the tax debt was nondischargeable. It rejected the debtor's argument that the required state report was "not sufficiently similar to a return [such] that the report could be considered an 'equivalent report or notice.'" *Id.* at 280. It noted that the hanging paragraph defined "return" as pursuant to "applicable nonbankruptcy law." It referenced a four-part test for determining "returns":

> [I]n order for a document to be considered a 'return,' under either the bankruptcy or the tax laws, it must (1) purport to be a return; (2) be executed under penalty of perjury; (3) contain sufficient data to allow calculation of tax; and (4) represent an honest and reasonable attempt to satisfy the requirements of the tax laws.

---

[3](...continued)

(b) Within 90 days after the Internal Revenue Service issues to a person the final determination to which subsection (a) of this section refers, the person shall submit to the tax collector a report of federal adjustment that includes:

>> (1) a statement of the amount of the increase; and

>> (2) if the person contends that the final federal determination is erroneous, an explanation of the reasons for the contention.

Md. Code Tax-Gen. § 13-409.

*Id.* (quoting *Moroney v. United States (In re Moroney)*, 352 F.3d 902, 905 (4th Cir. 2003)). It then concluded that the debtor's required reports under state law were similar to the type of reports contemplated by § 523(a)(1)(B). It held that, although the state report does not mandate a signature, it requires the same level of truthfulness, and giving false or misleading information is punishable by a monetary fine and imprisonment. It also noted that state law requires that the report include a copy of the federal audit, which would presumably include information to calculate the state tax liability. It held that the additional information required by the state report (i.e., a challenge to the federal assessment) does not remove the state report from the definition of "equivalent report." *Id.* at 280-81.

Finally, the Fourth Circuit rejected the debtor's argument that the required report was "given" to the state tax collector when the IRS provided notice of the revised assessments. State law requires that "the person shall submit to the tax collector a report of federal adjustment . . . ." *Id.* at 281 (quoting Md. Code Tax-Gen. § 13-409(b)).

The Ninth Circuit has not explicitly ruled on this issue, but courts within this circuit have cited *Ciotti* with approval. *See United States v. Martin (In re Martin)*, 542 B.R. 479, 485 (9th Cir. BAP 2015) (relying on *Ciotti*'s analysis of Congressional intent behind § 523(a)(1)(B)); *Stapley v. California ex rel. Franchise Tax Bd. (In re Stapley)*, 609 B.R. 209, 226 (Bankr. N.D. Cal. 2019) (holding that the debtor's failure to file RTC section

11

15

18622(a) reports rendered the tax debt nondischargeable and stating that "*Ciotti* involved Maryland statutes which are substantially the same as California's and the *Ciotti* court's reasoning is persuasive and this court will follow it."); *Cal. Franchise Tax Bd. v. Schabbing (In re Schabbing)*, Adv. No. 17-04079 at 3 (Bankr. N.D. Cal. Feb. 2, 2018) (unpublished disposition) (considering the plain language of § 523(a)(1)(B) on a motion for summary judgment and holding that "[t]his court agrees with the Fourth Circuit's reasoning, and it finds that § 18622's reporting requirements fall within § 523(a)(1)(B)."). An authoritative treatise also agrees. 4 Collier on Bankruptcy ¶ 523.07[3][a] (Richard Levin & Henry J. Sommer eds., 16th ed.) ("The reference to the failure to provide 'notice' means that if a debtor is obligated under nonbankruptcy law to file an amended return or give notice to a governmental unit of an amendment or correction to a prior filed federal tax return, the failure to do so will render nondischargeable any corresponding tax liability to the governmental unit." (footnote omitted)).

We also agree with the Fourth Circuit's reasoning. The report required under RTC section 18622(a) furnishes the state tax authority with information needed to ascertain the taxpayer's state tax liability. For purposes of § 523(a)(1)(B), the report is equivalent to a return, and the failure to file such a report excepts the tax debt from discharge.

Mr. Berkovich argues that the report is not a "return" under

12

16

§ 523(a)(1)(B). He apparently thinks that an "equivalent report" under § 523(a)(1)(B) is limited to a "return," and anything not expressly a "return" is excluded.

This argument ignores the fact that § 523(a)(1)(B) was amended in 2005. Until 2005, § 523(a)(1)(B) covered only an unfiled "return," and not an "equivalent report or notice."[4] Mr. Berkovich's interpretation that the "report" must meet the definition of a "return" would render the phrase "equivalent report or notice" meaningless and superfluous. We must give full effect to each word in a statute. *See TRW Inc. v. Andrews*, 534 U.S. 19, 31 (2001) ("It is 'a cardinal principle of statutory construction' that 'a statute ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant.'" (quoting *Duncan v. Walker*, 533 U.S. 167, 174 (2001))); *Satterfield*, 569 F.3d at 953 ("Another 'fundamental canon of statutory construction [is] that the

---

[4] Virtually all of the cases that Mr. Berkovich cites predate the 2005 amendments. For example, Mr. Berkovich cites our decision in *California Franchise Tax Board v. Jerauld (In re Jerauld)*, 208 B.R. 183 (9th Cir. BAP 1997), *aff'd*, 189 F.3d 473 (9th Cir. 1999), in which we held that the debtor's failure to notify the FTB of the IRS's federal tax reassessment did not render the tax debt nondischargeable. We interpreted the plain language of the statute and held that § 523(a)(1)(B) unambiguously addressed only "returns," and the RTC section 18622(a) report was not a "return." *Id.* at 188. In this pre-2005 decision, we obviously did not consider the addition of the phrase "equivalent report or notice." The post-2005 case that Mr. Berkovich cites, *Justice v. United States (In re Justice)*, 817 F.3d 738 (11th Cir. 2016), only affirms that the four-part test to determine a "return" is still viable, but it says nothing about the meaning of an "equivalent report or notice."

13

17

words of a statute must be read in their context and with a view to their place in the overall statutory scheme.'" (quoting *FDA v. Brown & Williamson Tobacco Corp.*, 529 U.S. 120, 133 (2000))). Thus, "equivalent report or notice" must be something other than a "return." We agree with the FTB and the Fourth Circuit that the required report concerning the increased federal income tax assessment is such an "equivalent report." Mr. Berkovich "fails to satisfactorily explain what sort of reports or notices Congress targeted with its amendment if it was not the very sort that are the subject of this case." *In re Ciotti*, 638 F.3d at 280.

Therefore, the bankruptcy court correctly held that the required report to the FTB was an "equivalent report or notice" under § 523(a)(1)(B).

## B.  Mr. Berkovich's other arguments are meritless.

Mr. Berkovich raises a smattering of other arguments that mischaracterize the nature of the RTC section 18622(a) report or the notice from the IRS. None of these arguments is availing.

Mr. Berkovich argues that the phrase "equivalent report or notice" refers to the report of a customs duty "bill of entry," not a tax return. He apparently relies on a grammatical parallelism. Section 523(a)(1)(B) refers to "a tax or a customs duty" and "a return, or equivalent report or notice." Mr Berkovich thinks that the word "tax" must refer only to the word "return" and the phrase "customs duty" must refer only to the phrase "equivalent report or notice." Neither grammar, nor logic, nor obvious

14

statutory purpose support this reading. *Cf.* Collier on Bankruptcy ¶ 523.07 ("All categories of nondischargeability referring to 'taxes' apply to 'custom duties' as well." (citing S. Rep. No. 989 95th Cong., 2d Sess. 77-79 (1978)).

He also argues that the IRS's forwarding of the assessment to the FTB constituted an amended "return" that satisfies § 523(a)(1)(B). Again, he cites no authority for this position. We reject his unsupported argument. *See In re Ciotti*, 638 F.3d at 281 (rejecting a similar argument that the IRS's notification to the state relieved the taxpayer of the duty to report the changed assessment). In any event, RTC section 18622(a) requires that the "**taxpayer** shall report each change or correction . . . and shall concede the accuracy of the determination or state wherein it is erroneous." (Emphasis added.) Mr. Berkovich failed to report the IRS's changes to the FTB and to concede or contest the accuracy of those changes.

Further, Mr. Berkovich contends that RTC section 18622 requires an amended return only if he had filed an amended return with the IRS. This argument misstates the statute. RTC section 18622(b)[5] requires a taxpayer to file an amended state tax return if he files an amended federal tax return, but it does not eliminate the taxpayer's responsibility to file the report in subsection (a). Nor does subsection (b) suggest that a report under

---

[5] Subsection (b) provides that "[a]ny taxpayer filing an amended return with the Commissioner of Internal Revenue shall also file within six months thereafter an amended return with the Franchise Tax Board which shall contain any information as it shall require." Cal. Rev. & Tax. Code § 18622(b).

subsection (a) is not a "report or notice" under § 523(a)(1)(B).

## CONCLUSION

The bankruptcy court did not err in granting the FTB summary judgment. The report required by RTC section 18622(a) is an "equivalent report or notice" under § 523(a)(1)(B). Mr. Berkovich does not dispute that he failed to file such report with the FTB following the IRS's assessment. Thus, his state tax debts for the relevant tax years are excepted from discharge under § 523(a)(1)(B). We AFFIRM.[6]

---

[6] In another appeal which we are deciding concurrently, *Sienega v. California State Franchise Tax Board (In re Sienega)*, BAP No. EC-19-1334-FLS, the debtor did not file formal tax returns but did submit reports under RTC section 18622. In this case, Mr. Berkovich filed formal tax returns but did not submit the RTC section 18622 reports. In both cases, we hold that the tax debts are not dischargeable. Taken together, the two cases stand for the proposition that tax debts are not dischargeable under § 523(a)(1)(B) if the taxpayer failed to file a return, a report under RTC section 18622, or both.

16